SAMUEL GOLDMAN, Appellant, *v.* NEW YORK RAILWAYS COMPANY, Respondent.

First Department, January 10, 1919.

Railroads — street railways — negligence — question whether motorman with knowledge that he was liable to faint exercised reasonable care in continuing to run his car one of fact for jury — liability of company for motorman's failure to exercise reasonable care in determining said question.

Where a street car of the defendant company going down Lexington avenue in the city of New York, when at Thirty-fourth street ran into an eastbound car injuring the plaintiff, and it appeared that the motorman when at Forty-second street and also at Fortieth street on the downtown trip had a dizzy spell where things became dark before his eyes, and that at the time of the accident he had fainted and fallen so that the car was not under control, the question whether under these conditions and with these warnings the motorman exercised reasonable care in continuing to run the car was one of fact which should have been submitted to the jury.

The defendant is just as responsible for the motorman's failure to exercise reasonable care in determining the above question as in determining any other question which might arise in the course of his employment. Whether the motorman should have stopped his car and allowed the motorman of the succeeding car to run it, and whether he was guilty of negligence in not so doing cannot be held as a matter of law, and for a failure to submit this question to the jury a judgment dismissing the complaint should be reversed and a new trial granted.

APPEAL by the plaintiff, Samuel Goldman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of July, 1918, upon a dismissal of the complaint by direction of the court at the close of the case.

*Gilbert D. Steiner,* for the appellant.

*Frederick J. Moses* of counsel [*James L. Quackenbush,* attorney], for the respondent.

SMITH, J.:

The defendant's car was coming down Lexington avenue when at Thirty-fourth street it ran into a car east bound on Thirty-fourth street and caused the injuries of which the plaintiff complains. It seems that the motorman on the defendant's car had fainted away and fallen so that the car was not under control. It is claimed, therefore, that the motorman could not have been guilty of negligence and that the master was not guilty of negligence in employing the motorman without knowledge that he might be subject to such attacks, and the court dismissed the complaint upon the ground that the defendant has not been shown to have been guilty of negligence causing the plaintiff's injury.

The degree of care that is required to be exercised by any person owing a duty to exercise reasonable care, varies with the dangers which are incident to his failure to exercise care. A motorman has not only the lives and the safety of the passengers in his own car at stake, but also the traveling public, or such part of it as may have occasion to cross the tracks, and especially as in the case at bar, where one is in another car crossing the tracks, without opportunity to escape therefrom. The danger is, therefore, great. The responsibility is an important one and what is reasonable care under the

circumstances should be judged in relation to that responsibility. Of course the motorman could exercise no care after he became unconscious, but it appears in this case that he had warning of the attack which afterwards made him unconscious. At Forty-second street on the downtown trip he had a dizzy spell where things became dark before his eyes, also at Fortieth street he had a dizzy spell where things became dark before his eyes. These spells passed away quickly, but the motorman swears that he was not feeling well and when asked if he was able to operate his car when he had these sensations his answer was: " Just as I should, I don't suppose so. I didn't feel just as I should," and that the darkness interfered with the operation of his car a little bit. He swears that the tracks had a down grade between Forty-second and Thirty-fourth streets, where brakes would be put on, but he has no recollection whether or not he put on the brakes. He has no recollection whether he stopped the car from Fortieth street to Thirty-fourth street and does not know whether his power was off or on as he came down that day. Under these conditions and with these warnings, whether this motorman exercised reasonable care in continuing to run this car was, I think, a question of fact which should have been submitted to the jury. The defendant is just as responsible for the motorman's failure to exercise reasonable care in determining this question as in determining any other question which might arise in the course of his employment. He might at any time have stopped his car and the motorman of the succeeding car have attached the car to his own. It was not necessary that he should call in an inspector. Whether he should have stopped his car and allowed the motorman of the succeeding car to run it and whether he was guilty of negligence in not so doing cannot be held as a matter of law, and for failure to submit this question to the jury the judgment should be reversed and a new trial granted, with costs to appellant to abide event.

DOWLING, LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.