23269. SLAUGHTER *v.* ATLANTA COCA-COLA BOTTLING COMPANY.

DECIDED JANUARY 24, 1934.

*T. J. Lewis,* for plaintiff.

*Harold Hirsch, Marion Smith, T. J. Long,* for defendant.

SUTTON, J. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Civil Code (1910), § 4399. The question of contributory or comparative negligence on the part of the plaintiff was not involved in this case. General damages were sought for pain and suffering alleged to have been caused the plaintiff by the negligence of the defendant. In returning a verdict for the plaintiff the jury necessarily had to find that the defendant was negligent in one or more of the particulars charged by the plaintiff. If the plaintiff was entitled to recover anything (and the jury has so found), she was entitled to recover damages commensurate with the injury sustained by her. The amount of $1 fixed by the jury could not be considered as sufficient compensation for whatever pain and

suffering the plaintiff may have endured. Plaintiff testified that she suffered pains from drinking the coca-cola and that she was confined to her bed for some time. The physician who attended her testified that her mouth was burned, apparently by some caustic, that he continued to see her at intervals for many weeks, and that she was in bed a part of the time for a week or more, and this evidence was undisputed. She sued for damages for pain and suffering caused from burns to her mouth, received while drinking a bottle of coca-cola, in which there was a percentage of caustic soda or similar element. In these circumstances, there was an abuse of discretion on the part of the trial court in not granting the plaintiff's motion for new trial.

2. The court did not err in charging the jury that the "degree of care and diligence required of one manufacturing bottled drinks for sale is to use the degree of care and diligence that is usually and reasonably employed by others in the same kind of business, that degree of care being reasonable care and diligence," that "if the defendant is to be liable, it would be because of its negligence, and if it exercised the degree of care required by law to be exercised, that is, ordinary care, there would be no negligence," and that "if you believe that, in bottling the drink, it used ordinary care and diligence; that in the manufacture and bottling of the drink and in the inspection of such bottled drinks after they were bottled, if you believe that this defendant company exercised reasonable care and diligence, then and in that event plaintiff would not be entitled to recover." Plaintiff excepts to this charge upon the ground that the court used the expressions therein of "reasonable care and diligence," "ordinary care," and then "ordinary care and diligence," and that this tended to confuse the jury, as the words "reasonable" and "ordinary" are not synonymous and what is reasonable in the mind of one juror might not be reasonable in the minds of another. This assignment of error is without merit. "The words 'ordinary care' embody the same degree of diligence as the words 'ordinary and reasonable care and diligence,' and have substantially the same significance. The words 'ordinary' and 'reasonable,' descriptive of diligence, are synonymous, and are used interchangeably in statutes and by the courts." *Goodwyn* v. *Central of Ga. Ry. Co.*, 2 *Ga. App.* 470 (4) (58 S. E. 688); *City of Manchester* v. *Beavers*, 38 *Ga. App.* 337, 340 (144 S. E.

11). The law is that one who engages in a particular work must exercise such degree of skill as is usually exercised by persons of ordinary prudence who are engaged in such business. See *Porter v. Davey Tree Expert Co.,* 34 *Ga. App.* 355, 356 (129 S. E. 557).

3. The court did not err in charging the jury that "If the defendant was not negligent and did exercise ordinary care, and any foreign substance got into the bottle notwithstanding ordinary care, that would be what the law designates as an unavoidable accident, for the occurrence of which the defendant would not be liable." Where the plaintiff contends that the defendant was negligent and the defendant denies that it was negligent, and the evidence shows that the plaintiff was not lacking in ordinary care, and there is evidence to the effect that the defendant was free from negligence, the court could properly charge the jury that if they found that the defendant was free from fault and the injury was the result of an unavoidable accident, then the defendant would not be liable, even though the pleadings in the case did not raise such an issue. However, it would not have been error for the court to refuse to give such an instruction, especially in the absence of a request. *Holliday v. Athens,* 10 *Ga. App.* 709 (74 S. E. 67).

4. It follows that the court erred in overruling plaintiff's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*