410

24012.  HATHCOX *v.* ATLANTA COCA-COLA BOTTLING COMPANY.

DECIDED JANUARY 19, 1935.

*Walter A. Sims, Joseph E. Berman, James A. Morris,* for plaintiff.

*Harold Hirsch, Marion Smith, T. J. Long,* for defendant.

BROYLES, C. J.   J. D. Hathcox brought suit against Atlanta Coca-Cola Bottling Company for personal injuries alleged to have been sustained as a result of drinking a bottle of coca-cola which contained particles of glass, some of which he swallowed.   A verdict was rendered for the defendant, and the plaintiff's motion for a new trial was overruled, and on this judgment the plaintiff assigns error.

■   The 1st special ground of the motion for a new trial alleges that the court erred in refusing to permit a witness for the plaintiff to testify "that he had operated a similar machine to that which the defendant corporation operates; that when it breaks a bottle it will get glass up in the crowner, and unless it is cleaned, when you cap another bottle the glass will get in the next bottle."   There is no merit in this ground of the motion.   Practically the identical evidence of the same witness was admitted without objection, and also other evidence to the same effect.   Moreover, the evidence objected to was offered on the ground that the witness had operated a "similar" machine, which was a conclusion of the witness; and the evidence showed that this witness had operated a machine for the NuGrape Company, and "the crowning machine they were using was an 805-B Adriance, and the machine we [the Coca-Cola Company] were operating was an 805-D;" that 805-B was a double-

head machine, and the 805-D used by the defendant company was the latest single-head machine. Furthermore, there was nothing said about the conditions or circumstances surrounding the operation of the two machines. "The burden rests upon the party offering the evidence to satisfy the court that the necessary similarity of conditions exists, and in the absence of such a showing the evidence will be rejected." 22 C. J. 753. The record shows that the evidence rejected was really not evidence of an experiment, but evidence of observations that the witness had made while operating another machine for another company; but even had the witness experimented with the machine for the purpose of familiarizing himself with its work, "the admission of evidence of experiments is largely in the discretion of the trial court; and this discretion, unless manifestly abused, will not be controlled." *DeLoach Mill Mfg. Co.* v. *Tutweiler Co.*, 2 *Ga. App.* 493 (3) (58 S. E. 790); *Augusta Ry. & El. Co.* v. *Arthur*, 3 *Ga. App.* 513 (2) (60 S. E. 213); *McClendon* v. *State*, 7 *Ga. App.* 784 (2) (68 S. E. 331); *Carolina Portland Cement Co.* v. *Marshall*, 9 *Ga. App.* 555 (2) (71 S. E. 942). The assignment of error on the language used by the court in ruling upon the admissibility of the evidence is without merit.

■ "There is no absolute presumption of negligence in any case under our law. Even as to railroads, preliminary proof that the injury was occasioned by the running of the locomotives, cars, or other machinery of such company must be submitted before the presumption of negligence arises, Civil Code, § 2321, being a sort of statutory application of the maxim res ipsa loquitur, since that statute raises a presumption of negligence from the mere happening of the injury. But in all other instances the plaintiff must establish on his part all of the facts necessary to show that the defendant is liable, the defendant not being called on to make any defense until enough testimony has been introduced to show that it owed a duty to the plaintiff, that it negligently failed in its performance, and that in consequence thereof the plaintiff was damaged. Proof of the duty and injury are only parts of the plaintiff's case. The law raises no presumption whatever as to who was to blame. The burden is on the plaintiff to show that defendant was negligent. How this negligence is to be proved varies. It may be possible to bring direct evidence as to the cause of the injury, and

who was responsible therefor; or there may be direct evidence of some facts, and circumstantial evidence as to others; or purely circumstantial evidence may by itself be sufficient to show that defendant was at fault. Civil Code [1895], § 5157. There is in neither of these instances, however, any presumption of law, but evidence on which the jury may reason, and from which they may draw conclusions as to matters not directly proved." *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106, 108 (43 S. E. 443). Under this ruling, the facts of the instant case, and the entire charge of the court, there is no error in the excerpts from the charge as complained of in special grounds 2, 3, 4, and 5 of the motion for a new trial.

"The court did not err in the instructions to the jury as to the care and diligence required of one manufacturing bottled drinks for sale, or in charging that 'if the defendant was not negligent and did exercise ordinary care, and any foreign substance got into the bottle notwithstanding ordinary care, that would be what the law designates as an unavoidable accident, for the occurrence of which the defendant would not be liable.'" *Slaughter* v. *Atlanta Coca-Cola Bottling Co.*, 48 *Ga. App.* 327 (2) (172 S. E. 723). Under this ruling there is no merit in special grounds 6 and 8 of the motion for a new trial.

The charge complained of in special ground 7 of the motion is practically identical with that approved in the *Slaughter* case, supra, paragraph 3. The law imposes upon a person the duty to exercise ordinary care to protect himself against the negligence of another. If there is little reason to apprehend danger, then little care is due to be exercised, and, under such circumstances, little care would be "ordinary care" or "due care," or such care as an ordinarily prudent person would exercise under the same or similar circumstances. What would constitute ordinary care, under any particular circumstances, would be a question to be determined by the jury. This ruling does not conflict with the rule applicable to injuries resulting from wrecks or derailments of railways due to negligence of the railway company and where the plaintiff had no warning or opportunity to exercise any care. In such a case the plaintiff should do what any ordinarily prudent person would or could do. There is a decided difference between an *occasion* to exercise ordinary care and an *opportunity* to exercise ordinary care.

And "where there is a general denial by the defendant of a paragraph of the plaintiff's petition alleging that he was in the exercise of ordinary care," or where such defense is expressly pleaded and the evidence of either or both parties raises such issue, the court should give this principle in charge to the jury. *Black & White Cab Co.* v. *Smith,* 48 *Ga. App.* 566 (173 S. E. 206), and cit. Under the pleadings and the evidence of the instant case the allegation of the 9th special ground of the motion, that the court erred in charging that the law requires the plaintiff to be in the exercise of ordinary care, is without merit.

■ It suffices to say that the allegations contained in special ground 10 of the motion for a new trial are wholly unsupported by the evidence as contained in the depositions attached to and made a part of this ground.

■ The general grounds of the motion are not argued or insisted on in the brief of counsel for the plaintiff in error, and therefore are treated as abandoned; and the special grounds show no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*