MONTE BERNSTEIN, Plaintiff, *v.* WESTERN UNION TELEGRAPH COMPANY, Defendant.

Municipal Court of New York, Borough of Queens, Sixth District, February 26, 1940.

*P. Benjamin Kaufman*, for the plaintiff.

*Francis Raymond Stark* and *Herbert T. Staub*, for the defendant.

PETTE, J. Defendant is a corporation engaged in the business of accepting and delivering telegraph messages, etc. At the time of the alleged accident it had in its employ a messenger

boy named Charles Badenhop, who was answering a call of Dunhill Sportswear, a customer located on the seventeenth floor of 1410 Broadway, borough of Manhattan. The plaintiff alleges that he was injured in the hallway of the seventeenth floor by reason of the willful negligence and carelessness of said defendant's employee, who, without the exercise of proper care, collided with him, causing his glasses to break and lacerating his face, which required four sutures over his left eye. The defendant contends that the plaintiff has failed to prove a *prima facie* case of negligence.

The issues of fact and law present an unusual question in this State.

Actionable negligence generally consists in a failure of a duty, the omission of something which ought to have been done, or the doing of something which ought not to have been done. (*Toppi* v. *McDonald*, 128 App. Div. 443; affd., 199 N. Y. 585; *Herman* v. *City of Buffalo*, 214 id. 316; *Braman-Johnson Flying Service, Inc.*, v. *Thomson*, 167 Misc. 167.)

The test of actionable negligence is what a reasonably prudent person would have done under the circumstances before the accident. (*MacRae* v. *Chelsea Fibre Mills*, 145 App. Div. 588; *Daurizio* v. *Merchants Despatch Transportation Co.*, 152 Misc. 716.) The degree of care that is required to be exercised by any person owing a duty to exercise reasonable care varies with the dangers which are incident to his failure to exercise care. (*Goldman* v. *New York Railways Co.*, 185 App. Div. 739.)

To constitute actionable negligence, the injury must be the natural consequence of the alleged negligent act, or one which might reasonably have been anticipated. · (*Ehrich* v. *Guaranty Trust Company of New York*, 194 App. Div. 658; affd., 233 N. Y. 637.) The general rule has been that a master is liable for its servant's negligence when the servant is engaged on the master's business. It is not this simple rule but the application thereof which creates troublesome questions. The result varies with each state of facts. (*Bindert* v. *Elmhurst Taxi Corp.*, 168 Misc. 892.)

The factual situation presented herein creates the inference that the accident arose at a time when the defendant's employee was acting within the scope of his employment. The doctrine of *respondeat superior* applies when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged with the result of some neglect or wrong at the time and in respect to the very transaction out of which the injury arose. (*Wyllie* v. *Palmer*, 137 N. Y. 248.)

The principles of negligence are relative and vary with each given set of facts and circumstances. They are elastic in the

inherent definition of negligence. The law of negligence is not necessarily confined to automobiles, airplanes, and other vehicles. It is equally applicable to other situations such as are presented herein.

A person, walking fast, may so conduct himself in propelling his legs, arms and body as to fail in his duty to his fellow pedestrians to move in a manner in which the average prudent person would have moved or walked, under the circumstances, and thereby collide and cause injury to others. On many occasions this court has noticed people bowled over by someone who is walking in a great hurry and not looking where he is going. While the impact may not be as severe as that which might result if a motor vehicle were involved in the collision with the injured person, nevertheless, it may result in severe pain, such as resulted in the instant case wherein the plaintiff received a laceration over his left eye which required four sutures by a physician. Stress is laid by the defendant herein upon the fact that there is no proof that its employee was running at the time of the collision. This contention is without merit, since running would merely tend to accentuate the violence of the impact; it was sufficient that its employee was negligent in so walking without looking and without due regard for the safety of others, including the plaintiff, at the time of the accident. A further indication for the necessity of the haste of the messenger boy might be grasped from the fact that he worked on an hourly basis and there being only two messengers in the station he came from, there might be a good cause for his attempt to cover as much ground as possible in order to dispose of his share of the telegraph despatches and the incidental collection of additional tips.

The crux of the present case depends on whether or not said defendant's employee exercised reasonable care at the time and place of the accident. This court's decision is based only upon a consideration of the relevant facts, actual or possible — *ex facto jus oritur* — that ancient rule must prevail in order that we may have a system of living law. (Frankfurter, " Mr. Justice BRANDEIS and the Constitution," 45 Harv. L. Rev. 33, 104, quoting from the dissenting opinion in *Adams* v. *Tanner*, 244 U. S. 590.)

The negligent actor may be liable for harm to another, although a physical condition of the other which is neither known nor should be known to the actor, makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct. (Restatement of the Law of Torts, § 461.) A negligent actor takes the risk that his liability will be increased by reason of the actual physical condition of the other toward whom his act is negligent. Thus, an illustration is given that

through a motorman's negligent management of company's trolley car, the control lever strikes the breast of a passenger. Though the injury is apparently slight, it may cause a cancerous tendency to light up and localize itself in the injured point, requiring the amputation of the passenger's breast.

Under similar circumstances the push given by the defendant's messenger boy to the plaintiff, had he not been wearing glasses, might have resulted in no injury. Unfortunately, the situation was otherwise, the plaintiff sustained a severe laceration over his left eye, and the defendant is liable for the negligent act of its employee in and upon its business. The force involved in a " push " is relative, and in the recent case of *Schubart* v. *Hotel Astor, Inc.* (281 N. Y. 597), two young men entered a compartment of a revolving door, giving it a " hard push " which caused plaintiff therein to be struck by part of the door. The hotel was held liable for failure to exercise its duty to supervise the use of said revolving door. Unquestionably, the facts in the *Schubart* case are somewhat different in that a revolving door was set in motion, but the fact remains that the physical violence was due to the primary act of the " push."

Accordingly, I find as follows upon the testimony presented at the trial: (a) That the messenger boy was employed by the defendant in and upon its business at the time of the accident, (b) that said employee failed to exercise that degree of care which he should have exercised under the circumstances, (c) that by reason of said negligence, to which the plaintiff in no wise contributed, said plaintiff is entitled to a verdict upon the merits in the sum of $300 to compensate him for his personal injuries and property damage.