Henry J. Latham, J.
In this negligence action for personal injuries and loss of services, plaintiffs move for summary judgment pursuant to new rule 113 of the Rules of Civil Practice, effective March 1, 1959.
With an eye to the crowded calendar conditions in this State, the Appellate Division of the Supreme Court in the four departments extended the right to seek summary judgment to ‘ any party ’ ’ and ‘ ‘ in any action ’ ’ except matrimonial actions where the right so to move is limited.
Plaintiffs’ motion is based on affidavits of the injured plaintiff and his attorney, supported by the pleadings, a transcript of the examination before trial of the defendant, Paul Houghton, who operated the automobile involved in this action, and a transcript of his testimony before the Bureau of Motor Vehicles. The defendants, however, have contented themselves with submitting an opposing affidavit by an attorney associated with the firm of attorneys who represent the defendants. Obviously, this attorney has no personal knowledge of the facts and does not purport to set forth any of his own knowledge, or, indeed, any facts of probative value. After stating that the automobile, in which the infant plaintiff was a passenger, was caused to skid on a slippery surface, leave the road, and strike a tree, said attorney urges the inadmissibility of the operator’s testimony before the Bureau of Motor Vehicles; that skidding alone is not negligence, and whether or not it would be may be determined only at a trial, on the basis of all the surrounding circumstances. He also urges ‘ that a passenger can be held contributorily negligent as a matter of law in certain instances ” and that in this action “it is a question of fact whether or not the passenger plaintiff should have fallen asleep in the automobile driven by the defendant if it was being operated in a reckless and dangerous manner in the face of adverse conditions.”
A reply affidavit by plaintiffs’ attorney points to the insufficiency of the opposing affidavit to establish a bona fide issue of fact because it is confined to argument by an attorney who has no personal knowledge of the accident. It is urged that no issue other than the extent and severity of the damages sustained by the plaintiffs is here presented, and if summary judgment “ is not granted in a case such as this, it is difficult, if not impossible, to conceive of a case where it would be applicable. ’ ’
Although the transcript of the defendant operator’s testimony before the Bureau of Motor Vehicles is not necessary to the disposition of this motion, since virtually the same ground
*229 was covered in Ms examination before trial, the court is of the opinion that it contains admissions against interest which are no less admissible than a party’s narrative description of an accident contained in a motor veMcle report. (McCoy v. Gorenstein, 282 App. Div. 984; Jacobs v. Gelb, 271 App. Div. 101, 103-104.) As was pointed out in Reed v. McCord (160 N. Y. 330, 341) “ In a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made.” Indeed, the opposing affidavit itself has made reference to a portion of such testimony.
Under rule 113 as it existed prior to March 1, 1959, a plaintiff could obtain summary judgment in an action in which such relief was permitted, though material averments of his complaint were traversed by the answer, if he submitted “ supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge ”, and the defendant failed to satisfy the court by affidavit or other proof ‘ ‘ that there is any basis for his denial or any truth in his defense.” (Curry v. Mackenzie, 239 N. Y. 267, 269-270.) Unless it was clear “ that plaintiff has made out a case on the undisputed material facts presented on the record by affidavit or other proof”, summary judgment in his favor could not be granted. (Barrett v. Jacobs, 255 N. Y. 520, 521.) An opposing affidavit by an attorney which did not reveal personal knowledge of the facts was held to be without probative value (Barnet v. Horwitz, 278 App. Div. 700) and disregarded. (Cohen v. Pannia, 7 A D 2d 886.)
The new rule does not relieve either the moving or opposing párties from making the evidentiary showing outlined above. Indeed, in subdivision 2 thereof, such a showing is made explicit in the following language: “ A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions, written admissions, etc. The affidavit must be by a person having knowledge of the facts; it must recite all the material facts; and it must show that there is no defense to the action or claim or that the action or claim has no merit, as the case may be. The motion shall be granted if, upon all the papers and proof submitted, the action or claim or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment, interlocutory or final, in favor of any party. The motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages.” Obviously, the affidavit sub *230 mitted on behalf of the defendants utterly fails to satisfy the foregoing requirements. Rather than facts, it presents merely a point of view without denying the basic facts upon which the plaintiffs’ case rests. Such an affidavit is insufficient to defeat plaintiffs’ motion if, as provided in the new rule, “ the action or claim * * * [has been] established sufficiently to warrant the court as a matter of law in directing judgment ’ ’ in plaintiffs’ favor, other than as to the amount or extent of their damages.
From the defendant Paul Houghton’s own lips, as reflected in his testimony before the Bureau of Motor Vehicles and at the examination before trial, the following account of the accident clearly emerges: About 8 o ’clock in the evening of October 18, 1957, the defendant, a college student, driving his mother’s car with her permission, picked up two young friends, including the plaintiff, Eugene H. Phelan, and arrived at a dance at Hunter College sometime between 9 and 10:00 p.m. After a few hours, they left this dance to go to a hotel in Manhattan, where they arrived at about midnight and attended another college dance. The defendant had two or three drinks. About 2 o’clock in the morning of October 19, 1957, they left the dance to go home. Young Houghton was in the driver’s seat, his friend “ Donald ” was seated at his right, and the plaintiff “ Cene ” was in the back seat. They proceeded over the 59th Street Bridge into Northern Boulevard. At about 2:55 a.m. they arrived at a point about 50 yards east of Main Street, Flushing. It was raining and slippery and, according to defendant, visibility was “ Fairly good — -as good as could be expected, I guess.” It was necessary to use the windshield wipers at that time. After going around a moderate curve to the left, this defendant lost control of his car and crashed into a tree on the center mall of Northern Boulevard. The car was demolished and the infant plaintiff injured. No other car was upon the highway or involved in the accident. Defendant admitted that he had driven on that road before and was fairly familiar with it; that when he reached Main Street, he was traveling at about 30 miles an hour, which is the speed limit for Northern Boulevard at that place; that after he crossed that street, he picked up speed to “ about 40 or 45 ” miles an hour before reaching the point where the accident occurred; that both his passengers were asleep at the time of the accident and had been sleeping for a good portion of the ride on Northern Boulevard.
Of course, negligence cannot be inferred from the fact that the car skidded or that the accident happened. In order that *231 a skid may be actionable it must be traced to a negligent origin, that is, that the skid occurred because of a defective condition of the vehicle or because of its negligent operation. (Lahr v. Tirrill, 274 N. Y. 112.) There is no evidence or claim of any defective condition of defendants’ vehicle. There is evidence, however, that in the early hours of an October morning the vehicle was being operated by young Houghton, at 40 or 45 miles an hour, in the rain and on a slippery roadway, which he knew was governed by a 30-mile an hour speed limit. The operation of the automobile under those circumstances justifies — in the absence of any issue as to these facts - — an inference of negligent operation (cf. Hawley v. Corroon, 286 N. Y. 581), which would require a trial court to direct a verdict in favor of the injured plaintiff, who was asleep in the back seat of the vehicle, for “ by no rational process could the trier of the facts base a finding in favor ” of the party moved against. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245.)
The contention of defendants’ counsel that a passenger asleep in a vehicle can be held contributorily negligent as a matter of law in the circumstances presented in this case, or that at least such an issue is one for the jury, finds no support in any decision this court has been able to find. It is true that the Court of Appeals held in Nelson v. Nygren (259 N. Y. 71, 76) that “ The question of contributory negligence ordinarily is a question of fact”; but it said also: “It is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law.”
From the undisputed facts here only one conclusion can be drawn therefrom, and that is that the infant plaintiff asleep in the back seat of the defendants’ car, on the way home from a dance in the early hours of the morning, with another passenger on the front seat next to the driver, could not be guilty of contributory negligence. In holding that a guest who went to sleep in an automobile was not contributorily negligent as a matter of law, the court in Nelson v. Nygren (supra p. 76) cited Weidlich v. N. Y., N. H. & H. R. R. Co. (93 Conn. 438, 442) as stating the following as the modern vie^v of the law of contributory negligence, as applied to a guest riding in an automobile : “ ‘ The intestate was seen a few moments before the accident and a short distance from the crossing, seated on the rear seat of the closed automobile. If he had been asleep, or reading a book, or engrossed in talk with another than the driver, or in deep thought, he would not have been negligent because of this. Ordinary experience instances this as not infrequently the conduct of the ordinarily prudent person when *232 riding as a guest on the rear seat of an automobile . No duty was upon the intestate to explain, excuse or justify his course. ’ ’ ’ Accordingly, judgment is awarded to the plaintiffs on' the issue of negligence, the amount or the extent of the damages to be immediately assessed as provided in subdivision 3 of the new rule “ before a referee, before the court, or before the court and a jury, whichever may be proper * * *. Upon
the rendering of the assessment, the court shall direct the entry forthwith of the appropriate summary judgment.”
Proceed on notice.