Henry J. Latham, J.
Motion by plaintiffs for summary judgment on the issue of liability in an action for negligence.
*933 The plaintiffs Stanley and Cregan are police officers. While proceeding in a police car in a northerly direction along Grand Central Parkway at about 3:25 a.m. on July 18, 1958, they observed an automobile stalled in the southbound lane. They drove their car onto the grass alongside the parkway, and the infant plaintiff, Theodore A. Katsaros, came over to speak to them. While thus engaged, defendant’s car left the parkway and struck the police car and the infant plaintiff and injured him and the police officers. Defendant’s car came to a stop about 100 feet away.
At a hearing conducted by the Motor Vehicle Bureau, defendant testified as follows:
‘ ‘ Q. What caused you to run into this vehicle ? A. As far as I know, I fell asleep.
<< * * *
“ Q. Had you been feeling drowsy at all? A. No, not that time there.
“ Q. When had you last been asleep before this accident? A. It was the previous night.
“ Q. What time did you get up that morning? A. 6:30.”
Defendant does not dispute the foregoing facts. He claims that he fell asleep at the wheel of his car without any prior indication or knowledge of drowsiness or tiredness on his part. His attorney urges that an operator of a motor vehicle is not negligent as matter of law when he falls asleep at the wheel while driving; that falling asleep under such circumstances creates merely an inference of negligence ‘ ‘ which, if rebutted, would justify a verdict for the defendant ” (emphasis supplied).
Although a driver’s falling asleep at the wheel of his automobile is unfortunately not a rarity, surprisingly little decisional law exists in this State concerning his liability for falling asleep. A driver, of course, is not liable for his negligent operation of an automobile while asleep. (Cf. Goldman v. New York Rys. Co., 185 App. Div. 739, 741.) Movements of the body “ during sleep when the will is in abeyance are not acts,” according to the Restatement of Torts (§ 2, Comment a) because " There cannot be an act without volition.”
Permitting himself to fall asleep while driving, however, has been held to give rise to an inference or presumption of negligence sufficient to make out a prima facie case against the driver. (Mochnal v. Pegos, 257 App. Div. 890, 891; Baird v. Baird, 223 N. C. 730, in which the law of New York was applied by the courts of North Carolina since the accident underlying the action occurred in New York.) The rationale for this rule, as stated in the American Law Reports (Ann. 28 A. L. R. 2d, *934 § 23, p. 48) is “ that sleep ordinarily does not occur without some notice, and that to fall asleep while driving is usually the result of negligence in failing to heed the warning. Its effect is to prevent the adoption of sleep as a tailor-made defense to liability. ’ ’ The scientific medical basis for the rule was stated in a number of cases, most comprehensively in Bushnell v. Bushnell (103 Conn. 583). There the court, in rejecting the contention that a driver who falls asleep at the wheel cannot be charged with negligence because no one can tell when sleep will fall upon him, said (pp. 590-592): “ It is probably true that one cannot ordinarily fix with certainty upon the precise moment when he lapses into unconsciousness, hut it is not true that ordinarily sleep comes unheralded. Purves Stewart, in his ‘ Diagnosis of Nervous Diseases,’ 3d Ed., page 423, thus describes the chief phenomena of ordinary, healthy sleep: 1 Firstly, there is diminution and then loss of conscious recognition of ordinary stimuli, such as would ordinarily attract our attention, whether these stimuli be derived from the outer world or from within the sleeper’s own organism. There is also, as consciousness is becoming blunted, a characteristic and indescribable sense of well-being. Voluntary movements become languid and ultimately cease, and the muscles of the limbs relax. Meanwhile there develops double ptosis or drooping of the eyelids; the pupils contract; the respiratory movements become slower and deeper, the pulse is slowed, the cutaneous vessels dilate to a slight extent and the general temperature of the body falls, whilst many processes of metabolism, such as those of digestion and of certain secretions, are retarded. ’ Particularly would this be true where the onset of sleep is due to the prolonged action of a uniform excitant, associated with little voluntary movement and a large degree of muscular relaxation, acting upon one who has become more or less fatigued and is sitting down in a warm atmosphere. 66 American Journal of Physiology, pp. 83, 84. Sleep in such a situation does not ordinarily come upon one unawares, and by watching for indications of its approach, or heeding circumstances which are likely to bring it about, one may either ward it off or cease an activity capable of danger to himself or to others. There are few ordinary agencies so fraught with danger to life and property as an automobile proceeding upon the highway freed of the direction of a conscious mind, and because this is so, reasonable care to avoid such a danger requires very great care. [Citations] In any ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent; it lies within his own *935 control to keep awake or cease from driving; and so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven.” (See, also, Baird v. Baird, 223 N. C. 730, supra; Bernosky v. Greff, 350 Pa. 59; Jones v. Pasco, 179 Va. 7; Kaufman and Kantrowitz, “ The Case of the Sleeping Motorist,” 25 N. Y. U. L. Rev. 362.)
The presumption of negligence arising from a driver’s falling asleep at the wheel of his automobile is, as contended by the attorney for the defendant herein, rebuttable by proof of the circumstances under which he was operating it. Such proof ‘ ‘ creates an issue of fact regarding due care. The question then becomes one of credibility for a jury properly charged that sleep usually does not come on unannounced and unforetold.” (28 A. L. R. 2d 48, supra.) As was said in Bernosky v. Greff (supra, p. 61): “ For a driver to sleep at the wheel of a moving automobile makes him prima facie guilty of negligence. If there are any facts which under the circumstances tend to exculpate him from the charge of negligence, the burden of producing them is upon him.”
Thus in Goldman v. New York Rys. Co. (185 App. Div. 739, supra), relied upon by the defendant, the Appellate Division, in reversing the dismissal of the complaint at the close of the case by an injured plaintiff to recover damages for personal injuries sustained when a streetcar motorman fainted in his car causing a collision, stated (p. 741): “Under these conditions and with these warnings, whether this motorman exercised reasonable care in continuing to run this car was, I think, a question of fact which should have been submitted to the jury.” In that case, however, the defendant rebutted the presumption of negligence by affirmative proof on the part of its motorman that on the downtown trip he had two dizzy spells where things became dark before his eyes; that these spells passed away quickly; and when asked if he was able to operate his car when he had these sensations, his answer was (p. 741): “ ‘ Just as I should, I don’t suppose so. I didn’t feel just as I should,’ and that the darkness interfered with the operation of his car a little bit.”
In the case at bar, however, defendant has made no attempt in his opposing affidavit to come forward with facts to rebut the inference of negligence clearly established by the moving papers. Having failed to show that he has any evidence of circumstances in excuse or justification of his conduct in falling asleep behind the wheel of his moving automobile, defendant has not rebutted *936 the inference of negligence so as to create an issue of fact regarding due care which only the jury could resolve.
That the question of defendant’s liability has been posed upon a motion for summary judgment rather than upon a trial does not absolve the defendant from the necessity of producing facts rebutting the inference of negligence. Both under rule 113 of the Rules of Civil Practice as recently amended and as it existed prior thereto, the party opposing the motion must “ assemble and reveal his proofs in order to show that the matters set up in his answer [are] real and * * * capable of being established upon trial.” (Dockwell & Co. v. Silverman, 234 App. Div. 362, 363; Phelan v. Houghton, 16 Misc 2d 227, 229.) The crucial question upon plaintiffs’ motion is whether the defendant has shown in his opposing papers any basis for his claim that there exists a triable issue of fact. The presentation, as in this case, of a mere point of view or a perfunctory conclusion is insufficient; the showing of the existence of a genuine triable issue must be substantial and factual. (Circle Floor Co. v. Totonelly Sons, 282 App. Div. 179, 181.)
With scientific recognition that sleep is a gradual process and that it does not ordinarily come upon a driver of a moving automobile without warning (The Case of the Sleeping Motorist, 25 N. T. U. L. Rev., supra, pp. 364-366), that “by watching for indications of its approach, or heeding circumstances which are likely to bring it about, one may either ward it off or cease an activity capable of danger to himself or to others ” (Bushnell v. Bushnell, supra), it cannot be held that it is enough for a defendant to defeat plaintiffs’ motion for summary judgment by stating merely that ‘ ‘ without any prior indication or knowledge of drowsiness on my part, I fell asleep at the wheel of my car.”
The law must meet adequately the demand of today’s living-conditions. It would fail of its purpose if it should indulge in the luxury of applying unrealistic theories at the expense of practical justice. With ever-increasing powerful automobiles crowding modern parkways and highways around the clock, can it be said that the law that requires a driver to keep to the right, observe all traffic signals and keep his vehicle always under control, must afford him a full plenary trial when he offers no explanation for falling asleep at the wheel Avhen called upon to do so by his innocent victims seeking speedy redress for injuries sustained when hit by the driverless moving automobile (see for an even stronger vieAV “ The Case of the Sleeping- Motorist,” *937 N. Y. U. L. Rev., supra, pp. 367-368) 1 The salutary extension of the summary judgment procedure to this type of litigation would fail of its purpose if a denial of the instant motion should be required under the circumstances of this case.
The motion is accordingly granted and the cause set down for an assessment of damages as provided by rule 113 upon compliance with the statement of readiness rule and the payment of all calendar fees.
Submit order.