Mario Pittoni, J.
Motion by plaintiffs for summary judgment is granted. There are no triable issues of fact presented in the record before the court.
On December 11, 1960, at 12:15 a.m., plaintiff, Thomas L. Evans, accompanied by his wife, who was killed in the accident, was operating his auto along Northern Boulevard near Moores Hill Road, Laurel Hollow, in an easterly direction, when the accident occurred. The plaintiff, Thomas L. Evans, was traveling about 25 miles per hour in the eastbound lane when he entered the curve and saw a set of headlights, coming at a terrific rate of speed, suddenly appear in the eastbound lanes of traffic. He thereupon blew his horn, stepped on the brakes, but the vehicles collided headon.
The court is not impressed with the defendant’s facile explanation, uncorroborated by competent medical proof, or any other proof, that he was traveling along, but thereafter blacked out, and has no conscious recollection of being involved in this accident. Defendant fails to offer any excuse for the loss of recollection, although he remembers that he had been at a wedding reception and was traveling 30 miles per hour before he woke up in the emergency ward of a hospital (cf. Stanley v. Burnside, 20 Misc 2d 932, affd. 10 A D 2d 652). Summary judgment is warranted, as in this case, where the proof is so convincing that the inference of negligence arising therefrom is inescapable, if not rebutted by other evidence. (Cf. Gerard v. Inglese, 11AD 2d 381 [2d Dept.].) The motion is, therefore, granted.
However, this case may not be added to any Pretrial, Reserve or Ready Calendar until a preference under rule 4-A of this court has been obtained.