Alexander W. Kramer, J.
The plaintiff herein is a partnership. Through its agent, Marvin Jacobowitz, it sought insurance from the defendant at an Allstate insurance booth at the Big H Shopping Center in Huntington, New York. Plaintiff wanted two of its pieces of equipment, viz., a 1967 International and a 1968 Suburban Trailer covered. Jacobowitz asked defendant’s agent (Hilaire M. Liegey) if the policy would also cover various pieces of equipment used in cutting and servicing lawns. Liegey was not certain. He telephoned defendant’s main office. After explaining the facts to the person at the main office with whom he spoke, Liegey was told that the equipment he described would be covered. Liegey thereupon assured Jacobowitz that the equipment would be covered. Jacobowitz thereupon authorized the issuance of insurance. The policy was written, delivered to the plaintiff, and paid for. Jacobowitz indicated that after receiving the policy, and in reliance upon Liegey’s representation, he tossed it into a place of safekeeping and — further — that he never bothered to read the contents of the document.
Subsequently, the plaintiff sustained losses via theft on two occasions. The defendant disclaimed liability. Whereupon, the plaintiff instituted this action seeking the recovery of $3,144.94. The complaint sets forth two causes of action — one sounding in contract, the other in negligence.
*1011 At the trial conducted herein, plaintiff sought to bulwark its contention as to its right to recover for breach of contract by resorting to parol evidence. Parol evidence may not be introduced if the writing in question expresses the complete agreement between the parties and is unambiguous. The parties may not show, or attempt to show, that they attached a meaning different from the ordinary meaning of the language used, (General Phoenix Corp. v. Cabot, 300 N. Y. 87; 1 Mottla, N. Y. Evidence, Proof of Cases [2d ed.], § 154.)
The parol evidence rule, moreover, renders inadmissible evidence as to what the parties to a written contract understood, or what they intended, where it contradicts or varies the clear and unambiguous terms of the instrument. (Mitchill v. Lath, 247 N. Y. 377; 22 N. Y. Jur., Evidence, § 615.)
Therefore, testimony offered to vary or modify the terms of the policy of insurance was inadmissible.
Not so, however, with respect to plaintiff’s other cause of action. Oral or parol evidence as to negligence was admissible.
The three essential elements of negligence are (1) the existence of a duty owing by the defendant to the plaintiff, (2) the defendant’s failure to discharge that duty, and (3) injury to plaintiff reasonably resulting from such failure. (41 N. Y. Jur., Negligence, § 7; Bernstein v. Western Union Tel. Co., 174 Misc. 74; Braman-Johnson Flying Serv. v. Thomson, 167 Misc. 167.)
To maintain an action in negligence, it must appear that the defendant owed some duty or obligation to the party injured which he failed to discharge or perform. (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339.)
Plaintiff claims that defendant owed it a duty to issue a policy of insurance with proper coverage. Reliance is placed upon Israelson v. Williams (166 App. Div. 25, app. dsmd. 215 N. Y. 684).
Defendant counters with the argument that the wrongful issuance, if any, was made as the result of its agent’s actions, that its agent owed no duty to plaintiff and therefore, plaintiff has no cause of action.
Indeed perhaps the failure to read the policy and to be aware of its insufficiency constituted contributory negligence. (Minsker v. John Hancock Mut. Life Ins. Co., 254 N. Y. 333; Richardson v. Prudential Ins. Co., 29 Misc 2d 202.)
In National Conversion Corp. v. Cedar Bldg. Corp. (23 N Y 2d 621), the Court of Appeals unanimously held that defendant landlord’s misrepresentation that the premises were in an unrestricted zone permitted plaintiff tenant to recover on the theory *1012 of fraud and deceit. “ Most important it is that the law has outgrown the over-simple dichotomy between law and fact in the resolution of issues in deceit. It has been said that ‘ a statement as to the law, like a statement as to anything else, may be intended and understood either as one of fact or one of opinion only, according to the circumstances of the case5 * # * moreover, the modern rule extends even further to cover a false opinion if misrepresented as a sincere opinion, as in the case of any other opinion, where there is reasonable reliance. * * * The maxim, ‘ a man is presumed to know the law ’ is a trite sententious saying, by no means universally true. Ignorance of the law does not excuse persons so as to exempt them from the consequences of their acts, such as punishment for criminal offenses * * * if ignorance of the law did not in fact exist, we would not have lawyers to advise and courts to decide what the law is ” (pp. 627-628).
Similarly, this court holds that the failure to include various pieces of equipment within the coverage of the policy despite the representations of its agent that coverage was indeed included gave rise to the plaintiff to a cause of action for deceit.
The plaintiff indicated the fair and reasonable value of the purloined items to have been $2,900 as of the date of loss.
Accordingly, the complaint will be deemed amended so as to conform to the proof. For the authority of the court to so rule, see Weinstein-Korn-Miller (Yol. 3, Ñ. Y. Civ. Prac., par. 3025.29); Carmody-Wait 2d (Yol. 6, New York Practice, § 34.39) and Diemer v. Diemer (8 N Y 2d 206).
Judgment is directed in favor of the plaintiff for $2,900, together with appropriate interest, costs and disbursements.