A03A0459. BEARD v. AUDIO VISUAL SERVICES, INC. et al.
(580 SE2d 272)

PHIPPS, Judge.

Rosa T. Beard collided with Byron Owsley II as she exited an elevator in a hotel lobby. Beard sued Owsley and his employer, Audio Visual Services, Inc., whose offices were in the hotel building. She alleged that Owsley negligently failed to pay attention to his surroundings while acting in the course and scope of his employment. The trial court granted summary judgment to the defendants, and Beard appeals. Because there are genuine issues of material fact regarding who bore responsibility for the collision, we reverse.

Beard was a guest at the Westin Atlanta Airport Hotel in College Park. She left her room and took an elevator down to the lobby. During the elevator's descent, and as its doors opened onto a hall leading to the lobby, Beard was talking to another hotel guest. After the doors opened, Beard stepped out of the elevator and "immediately" collided with Owsley, who was walking past the elevators. Beard testified that she was looking straight ahead as she exited the elevator, that she did not look to her left or right, that she did not see Owsley coming, and that her body had not fully cleared the elevator door when he ran into her. As a result of the collision, Beard fell to the floor, sustaining various injuries.

Owsley testified that he had stopped by the hotel to pick up his paycheck. He had gone to the shipping and receiving area of the hotel

---

[10] *Murray v. Chulak,* 250 Ga. 765, 771 (3) (300 SE2d 493) (1983).

and was carrying several boxes back to the Audio Visual Services office when he and Beard "collided at the same time."

The trial court awarded summary judgment to Owsley and Audio Visual Services because "[t]he evidence shows that Mr. Owsley was watching where he was going but [Beard] was not." The evidence, however, is not so clear-cut.

This case is governed by basic principles of negligence. "[O]rdinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. . . . The absence of such diligence is termed ordinary negligence."[1] What constitutes ordinary diligence, under any particular circumstances, is a question for the jury.[2] In *Lau's Corp. v. Haskins*,[3] the Supreme Court of Georgia wrote:

> Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard [of care] must be filled in [in] each particular case. But, to be negligent, the conduct must be unreasonable in light of the recognizable risk of harm.[4]

Whether a party has failed to exercise ordinary care can be decided on summary judgment only when "undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached."[5]

Beard testified that she looked straight ahead before stepping out of the elevator car and that Owsley ran into her before she had fully emerged. The jury could infer from this testimony that Owsley was walking unreasonably close to the elevator doors, and perhaps unreasonably fast, thereby causing the collision. Alternatively, the jury could conclude that Beard's failure to look to her right and left before exiting the elevator was unreasonable and was the sole cause of the collision. Because the evidence permits either conclusion, summary judgment was not appropriate.

The defendants argue that they owed no duty to Beard because she was an invitee of the hotel, not of them. It is true that the defendants, who neither owned nor operated the hotel, were not responsible

---

[1] OCGA § 51-1-2.

[2] *Hathcox v. Atlanta Coca-Cola Bottling Co.*, 50 Ga. App. 410, 412 (2) (178 SE 404) (1935).

[3] 261 Ga. 491 (405 SE2d 474) (1991).

[4] (Citations and punctuation omitted.) Id. at 493 (2).

[5] (Citation and punctuation omitted.) *Jackson v. Post Properties*, 236 Ga. App. 701, 702 (513 SE2d 259) (1999).

for safely maintaining the area where Beard fell.[6] But Owsley did have a duty to move and walk in a reasonably prudent manner so as to avoid colliding with and injuring fellow pedestrians in the hotel.[7] Whether he breached that duty, under the evidence presented here, is a jury question.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 20, 2003.

*Phyllis A. Watkins, Walter L. Fortson,* for appellant.

*Swift, Currie, McGhee & Hiers, Maren R. Frost, Charles B. Marsh,* for appellees.

---

[6] See *Lau's Corp.*, supra at 492 (1) ("A proprietor's duty to invitees is to 'exercise ordinary care in keeping the premises and approaches safe.' OCGA § 51-3-1.").

[7] See *Bernstein v. Western Union Telegraph Co.*, 18 NYS2d 856, 859 (1940) (messenger for telegraph company who collided with another pedestrian in building could be liable under negligence theory; court noted that "[t]he law of negligence is not necessarily confined to automobiles, airplanes, and other vehicles").