**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P.J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 12, 2021**

# In the Court of Appeals of Georgia

A20A1674. CABRERA v. ELLIS et al.

MILLER, Presiding Judge.

In this personal injury action, Claudia Cabrera filed suit against Joy Ellis and Jackson Electric Membership Corporation ("Jackson Electric"), regarding injuries she sustained when Ellis fell on top of her as they walked down a staircase in Cabrera's home. Cabrera appeals from the trial court's order granting the defendants' motion for summary judgment, arguing that (1) the trial court erred by determining that Ellis did not have a duty to walk down the staircase in a prudent manner; and (2) the trial court erred in its determination that Ellis was not negligent when she lost her footing and fell on top of her. For the reasons that follow, we reverse the trial court's order granting the appellees' motion for summary judgment.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In reviewing the denial [or grant] of a summary judgment motion, we owe no deference to the trial court's ruling and we review de novo both the evidence and the trial court's legal conclusions. Moreover, we construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion.

(Citations and punctuation omitted.) *Yim v. Carr*, 349 Ga. App. 892, 893 (1) (827 SE2d 685) (2019).

So viewed, the record shows that Ellis works for Jackson Electric, a company that supplies electrical services. Cabrera owns a home in Duluth, Georgia, and contacted Jackson Electric to obtain services for her home. On the morning of the accident, Ellis met Cabrera at Cabrera's home to inspect the heater and the water heater in the unfinished basement. There was no lighting on the staircase down to the basement, but large windows in the basement provided "sufficient" lighting. As they approached the staircase to the basement, Ellis, who was wearing buckled clog shoes with two and a half-inch heels, noticed that the staircase had a "preconstruction step" and a "split platform." Cabrera told Ellis to be careful and that there was no handrail

on the staircase. Ellis was not concerned that the staircase did not have a handrail because she frequently walked through new construction homes, and she used her left hand to "sweep" the wall. Ellis testified that Cabrera walked in front of her, while another Jackson Electric employee walked behind her as they descended the staircase. As Ellis approached the split platform, she suddenly fell forward, "bowled" Cabrera down, and she and Cabrera fell to the basement's concrete floor. EMS responded to the home and transported Cabrera to the hospital. Ellis testified that she was unaware of what caused her to fall at the time of the accident, but she later told Cabrera that she fell because she lost her balance. Ellis also filled out an accident report for Jackson Electric after the accident and indicated that her fall was caused by "inattention to footing," and the "construction or design" of the premises. Ellis later photographed the staircase and determined that she lost her balance on the staircase because the heel of her shoe went through a gap in the staircase.[1] The County examined the staircase after the accident, and it passed the County's inspection.

Cabrera filed the instant suit against Ellis and Jackson Electric, alleging negligence against Ellis and imputed liability and negligent hiring, training, and

---

[1] Ellis testified that she filled out the accident form before she discovered the gap in the staircase.

supervision against Jackson Electric, and she sought damages against both defendants. Ellis and Jackson Electric filed a joint answer, and they later jointly filed a motion for summary judgment. The trial court granted the motion for summary judgment after a hearing, determining that Cabrera failed to show that the defendants either owed her a duty or that they breached that duty. This appeal followed.

1. First, Cabrera argues that the trial court erred in its determination that Ellis did not have a legal duty to exercise ordinary care while walking down the staircase. Based on a review of our precedent, we agree and conclude that the trial court erred by determining that Ellis did not owe a duty of care to Cabrera.

"To state a cause of action for negligence, a plaintiff must establish the following essential elements: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." (Footnote and punctuation omitted.) *R & R Insulation Svcs., Inc. v. Royal Indem. Co.*, 307 Ga. App. 419, 426 (2) (705 SE2d 223) (2010).

> [T]he threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff. This issue is a question of law. A legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the

4

reported decisions of our appellate courts. In the absence of a legally cognizable duty, there can be no fault or negligence.

(Citations and punctuation omitted.) *Sheaffer v. Marriott Intl., Inc.*, 349 Ga. App. 338, 340 (1) (826 SE2d 185) (2019). Additionally, in determining whether Ellis owed a duty of care to Cabrera, we note at the outset that this case does not involve questions and issues pertaining to premises liability. We have been clear that

not all claims which arise from an injury sustained inside a building constitute premises liability, regardless of how the claim is argued by the parties. Georgia law distinguishes between negligence cases where a condition on the premises causes injury to someone and those where [a] [person]'s active negligence causes injury to someone. Liability is determined under the framework of premises liability only if an injury is caused by a condition of the premises over which the premises owner/occupier has some degree of control, such as a static condition or passive defect. . . . Simply stated, the duty concerning a condition of the premises is distinct from a breach of duty that constitutes active negligence.

(Citations omitted.) *Byrom v. Douglas Hosp.*, 338 Ga. App. 768, 771-772 (1) (792 SE2d 404) (2016). Here, Cabrera simply alleged that her injuries were caused by Ellis falling on top of her. Therefore, contrary to the appellees' claim, it is clear that the legal principles pertaining to premises liability do not apply in this case. See id. at

5

772-773 (2) (holding that premises liability principles did not apply where the plaintiff's negligence claim did not allege that a condition on the premises caused her injury, but instead alleged that her injury was caused by the defendant's failure to assist her in exiting her wheelchair). See also *Lipham v. Federated Dept. Stores, Inc.*, 263 Ga. 865 (440 SE2d 193) (1994) (stating that because the case presented a question of active negligence, "whether [the plaintiff], who was on the property lawfully, is a licensee or an invitee is irrelevant and does nothing to diminish [the defendant]'s general duty of care towards [the plaintiff].").

Turning to Cabrera's claim of error, Cabrera argues here as she did below that this Court's decision in *Beard v. Audio Visual Svcs., Inc.*, 260 Ga. App. 476 (580 SE2d 272) (2003) established a duty for Ellis to exercise reasonable care to move and walk in a prudent manner so as to avoid colliding with others.[2] We agree. In that case, Beard collided with Byron Owsley as Beard exited an elevator in a hotel lobby, and

[2] We decline to address Cabrera's claim that OCGA § 51-1-13 imposed a duty of care because she did not raise this claim below; instead, she argued that OCGA § 51-1-8 imposed a duty of care. See *American Academy of General Physicians, Inc. v. LaPlante*, 340 Ga. App. 527, 529 (1) (798 SE2d 64) (2017) ("It is well settled that issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. Nor may a plaintiff alter the course of its arguments mid-stream, raising issues on appeal that were not raised before the trial court.") (citation omitted).

she filed suit against Owsley and his employer. Id. at 476. Beard testified that she looked straight as she exited the elevator and that she did not look to her right or left upon leaving the elevator. Id. at 476. In reversing the grant of summary judgment to the defendants, we recognized a common law principle that Owsley had a "duty to move and walk in a reasonably prudent manner so as to avoid colliding with and injuring fellow pedestrians in the hotel." Id. at 477. We find the holding in *Beard* applicable in this case and determine that Ellis had a duty to move and walk in a reasonably prudent manner to avoid colliding with others in the home.

In an attempt to distinguish *Beard* from the instant case, the appellees argue that the accident in *Beard* occurred in a public place, whereas the accident here occurred at Cabrera's home which she controlled and that she knew of the risks that were present. This argument is unavailing. As stated above, liability in this case is not being determined under the framework of premises liability, and the fact that the accident here occurred in a private residence as opposed to a public place is a distinction without a difference for purposes of determining whether Ellis owed Cabrera a duty of care. Accordingly, we conclude that the holding in *Beard* does apply to this case and that the trial court therefore erred by determining that Ellis did not owe Cabrera a duty of care.

2. Next, Cabrera argues that the grant of summary judgment was improper because genuine issues of material fact exist as to whether Ellis breached her duty of care. We agree and conclude that genuine issues of material fact exist as to whether Ellis breached her duty of care.

"Whether a party has failed to exercise ordinary care can be decided on summary judgment only when undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached." (Footnote and punctuation omitted.) *Beard*, supra, 260 Ga. App. at 477.

On the accident form that Ellis completed after the accident, Ellis indicated that her fall was possibly caused by her "inattention to footing." Therefore, contrary to the appellees' argument, a jury could infer from this evidence that Ellis breached her duty of care to walk in a prudent manner so as to avoid colliding with Cabrera. See *Beard*, supra, 260 Ga. App. at 477 (holding that genuine issues of material fact existed as to whether the defendant breached his duty of care where a jury could infer based on the evidence that he was walking in an unreasonable manner at the time of the collision). Therefore, genuine issues of material fact exist as to whether Ellis breached her duty of care, and the trial court erred in granting summary judgment on this basis.

Accordingly, for the reasons stated above, we reverse the trial court's order granting the defendants' motion for summary judgment.

*Judgment reversed. Doyle, P. J., and Mercier, J., concur*.