## A91A0036. SWANSON v. SMITH.
(405 SE2d 301)

CARLEY, Judge.

Appellant-plaintiff brought suit, seeking to recover damages for injuries sustained when she fell on property occupied and maintained by appellee-defendant. Appellee answered and, after discovery, moved for summary judgment. The trial court granted appellee's motion and appellant appeals from that order.

Construed most favorably for appellant, the evidence of record reveals the following: Without an appointment, appellant walked up the driveway of appellee's home and rang the front doorbell. Appellee maintained the office for his developing business in his home, and the purpose of appellant's visit was to determine whether he would be interested in purchasing her home. When no one responded to the doorbell, appellant decided to step into and across appellee's backyard for the purpose of visiting a friend in a nearby house. After entering the backyard, appellant stepped in a hole and injured her ankle.

" 'The liability of [appellee] depends upon whether [appellant], at the time [she] suffered [her] . . . injury, was [a trespasser,] a licensee or an invitee[.] . . . Under OCGA § 51-3-2, the owner or proprietor of the premises is liable only for wilful or wanton injury to a licensee, whereas under OCGA § 51-3-1 the landowner or occupier owes an invitee the duty to exercise ordinary care in keeping the premises safe[.] . . . To determine whether a person is an invitee or a mere licensee, the nature of his relation or contact with the owner or occupier of the premises must be determined. The test is "whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience[.] . . ." [Cit.] If an invitee does not go beyond that part of the premises to which, as it reasonably appears to him the invitation extends, he does not become a licensee. [Cit.] If, however, he does go beyond that part to which he is invited, he becomes a mere licensee. [Cits.]' [Cit.]" (Emphasis and indention omitted.) *Armstrong v. Sundance Entertainment,* 179 Ga. App. 635, 636 (347 SE2d 292) (1986).

Even assuming appellant was originally an invitee when she went to appellee's front door (but see *Edmunds v. Copeland,* 197 Ga. App. 292, 293 (398 SE2d 280) (1990)) and regardless of however innocent her subsequent decision to enter appellee's backyard may have been (see *Brooks v. Logan,* 134 Ga. App. 226, 228 (1) (213 SE2d 916) (1975)), "it must be held as a matter of law that at the time of her injury [appellant] was not on a portion of the premises to which as the situation might reasonably appear to her an implied invitation

extended." *Freeman v. Levy*, 60 Ga. App. 861, 862 (6) (5 SE2d 61) (1939). See also *Total Equity Mgmt. Corp. v. Demps*, 191 Ga. App. 21, 22 (1) (381 SE2d 51) (1989). Appellee's evidence that he did not know of the existence of the hole, and so could not have wilfully and wantonly injured appellant, is unrefuted. Accordingly, the trial court properly granted appellee's motion for summary judgment.

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the opinion as it is based on a proper application of controlling legal principles. However, with no disrespect of Judge Sutton, I cannot join in perpetuating, by quotation, the wording used to state the principle contained in *Freeman v. Levy*, 60 Ga. App. 861, 862 (6) (5 SE2d 61) (1939).

DECIDED APRIL 1, 1991.

*Meadows & Associates, Richard D. Schrade, Jr.,* for appellant.
*Downey, Cleveland, Parker & Williams, J. Calhoun Harris, Jr.,* for appellee.