S93G1122. LIPHAM v. FEDERATED DEPARTMENT STORES, INC.
(440 SE2d 193)

HUNT, Presiding Justice.

We granted certiorari to the Court of Appeals to determine the appropriate standard of care to be applied in cases involving injuries caused by the negligence of a landowner's employee while on the employer's premises. The Court of Appeals affirmed the trial court's grant of summary judgment to Federated Department Stores, Inc., d/b/a Rich's (Rich's) on the grounds that Lipham was a licensee at the time of the injury and that the Rich's employee did not wilfully or wantonly injure Lipham. We reverse.

On the morning of September 27, 1988, Minnie Lipham drove to a shopping mall to walk. While walking around the Rich's building, she saw a crowd in the parking lot some 50 to 60 feet from the sidewalk. Lipham joined the crowd, which was standing and cheering around a roped-off area in which people were running and playing games. Lipham was standing behind Gavin Heal, an employee of Rich's, who was participating in the Rich's event; unexpectedly, Heal turned around quickly and unintentionally knocked Lipham to the ground, causing injury to her.

The cases agree that the duty owed by a landowner to one who enters upon his property depends, to a certain extent, on whether the one entering the property is an invitee, a licensee or a trespasser. See, e.g., *Swanson v. Smith*, 199 Ga. App. 471 (405 SE2d 301) (1991). Further, this duty pertains to the condition of the premises and is imposed because the landowner has control over the property and is thus able to act in order to protect others from conditions on the property which might cause harm. *Daniel v. Ga. Power Co.*, 146 Ga. App. 596, 597 (247 SE2d 139) (1978); *Scheer v. Cliatt*, 133 Ga. App. 702, 704 (212 SE2d 29) (1975).

This case, however, does not concern a condition of the premises over which Rich's could have exercised some degree of control or of which Rich's could have warned; instead, the claims pertain to an act of active negligence[1] on the part of a Rich's employee. Accordingly, whether Lipham, who was on the property lawfully, is a licensee or an invitee is irrelevant and does nothing to diminish Heal's general duty

---

[1] Unlike that negligence with respect to premises or approaches referred to in OCGA § 51-3-1.

of care toward Lipham.[2] In other words, liability for Heal's failure to exercise ordinary care and not to subject others to an unreasonable risk of harm is based only on the nature of his negligent act and is not affected by Lipham's status with respect to the premises. It would be anomalous to say that an employee of Rich's would be responsible for acts of negligence occurring off the Rich's premises but not responsible for acts of negligence occurring on the premises because the person harmed is not an invitee. Such an argument makes no more sense than maintaining that Rich's, which would be responsible if an individual were negligently run over by one of its trucks on the interstate, would escape liability for injuries to an individual who was negligently hit by one of its trucks in its own parking lot.

As the question of whether Heal acted with ordinary care was one for the jury, *Williams v. Kennedy*, 240 Ga. 163 (240 SE2d 51) (1977), the grant of summary judgment was improper.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 28, 1994.

*John M. Hyatt*, for appellant.
*Drew, Eckl & Farnham, Elizabeth C. Helm, Richard T. Gieryn, Jr., Peter H. Schmidt II, Stevan A. Miller*, for appellee.

---

[2] We confine our analysis to situations involving persons lawfully on the premises. Of course, in only very rare circumstances would an individual at a public shopping mall be considered a trespasser.