[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16245
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03284-SCJ

EIHAB ELZUBIER,

Plaintiff-Appellant,

versus

SONY MUSIC HOLDINGS, INC.
f.k.a. and as the successor in interest to Sony Music
Entertainment, Inc.,
BOBBY BALLENTINE,
SONY MUSIC HOLDINGS, INC.,
d.b.a. Sony DADC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 5, 2014)

Before TJOFLAT, JORDAN, and COX, Circuit Judges.

PER CURIAM:

The outcome of this appeal turns on whether the district court properly instructed the jury. Because we conclude that the district court erred by instructing the jury on premises liability principles in addition to ordinary negligence principles, we vacate the district court's judgment and remand the case for a new trial.

## I. Factual and Procedural History

This is a diversity case and we apply Georgia law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021–22 (1941). The facts are relatively straightforward. Eihab Elzubier, a tractor-trailer driver, arrived at the Sony facility in Carrollton, Georgia to pick up four pallets of Sony Playstations. Elzubier signed in at a security desk at the front of Sony's building when he arrived. According to Sony, standard protocol is for drivers to remain in a secure area where the drivers can observe one of Sony's employees loading their trucks for them. Sony witnesses testified that signage throughout their facility, as well as verbal instructions from Sony employees, alerted Elzubier to this standard operating procedure. Elzubier disputed this fact.

Elzubier does not dispute that Sony assigned its employee, Bobby Ballentine, to load his truck by placing the pallets of Playstations into the truck using a forklift. According to Elzubier, Ballentine damaged both the goods and the

2

truck during the loading process.  Having watched Ballentine inflict this damage, Elzubier left the viewing area to inspect both the pallets and his tractor-trailer. Ballentine testified that he was unaware that Elzubier had left the secure area and that Elzubier had entered the tractor-trailer to inspect the damage.  Elzubier disputed Ballentine's testimony, testifying that Ballentine had clearly seen him enter the trailer and had even assented to his entry.

Regardless, neither party disputed that after Elzubier entered the trailer, Ballentine hit Elzubier with the forklift, temporarily pinning him to the wall of the trailer.  Sony employees promptly removed Elzubier from the trailer and told him that he should not have been in there.  There was conflicting testimony about whether Elzubier responded to these statements.  As a result of Ballentine striking and pinning him with the forklift, Elzubier said he can no longer drive a truck for a living and that he continues to suffer from various physical and psychological issues as a result of his injury.

After a three-day trial, a jury returned a verdict finding Sony twenty-five percent at fault for Elzubier's injuries and finding Elzubier seventy-five percent at fault for his injuries.  The verdict awarded Elzubier $2,870 in damages. (R.112 at 2.)  However, under Georgia law, if a plaintiff is more than fifty percent at fault, he can recover nothing.  *See* O.C.G.A. § 51–12–33(g); *Bridge Farms, Inc. v. Blue*,

3

480 S.E.2d 598, 599 (Ga. 1997) (citation omitted).  Accordingly, Elzubier

recovered nothing for his injuries.  He appeals.

## II. Issues on Appeal

In his complaint, Elzubier did not inject premises liability into the case. (R.

26.)  Despite this fact, the district court instructed the jury on the law of premises

liability.  (*See* R. 133 at 471–90.)  Elzubier contends that: (1) the district court

erred in instructing the jury on the law of premises liability and trespass;  (2) the

district court erred in instructing the jury on the doctrine that silence can constitute

an admission; and (3) the plaintiff is entitled to a new trial on the issue of damages

because the verdict as to damages was tainted and the jury was without authority to

return such a verdict.  (Appellant's Initial Br. at 1.)  We address each of these

contentions in turn.

## III. Standard of Review

We review de novo whether a jury instruction correctly stated the law or

misled the jury.  *United States v. Daniels*, 685, F.3d 1237, 1244 (11th Cir. 2012).

## IV. Discussion

We first address whether Elzubier preserved his objections to the district

court's jury instructions.  Sony argues that Elzubier did not properly preserve his

objections to the jury charge (Appellee's Br. at 8), and that he invited any error by

4

proposing a jury charge containing premises liability principles.  (Appellee's Br. at 9.)  Sony is correct in saying that we interpret Federal Rule of Civil Procedure 51 strictly—a party must object to a jury instruction prior to the jury's deliberations in order to preserve the issue on appeal.  (Appellee's Br. at 9.)  But we have also recognized two exceptions to this rule—one of which is "where a party has made its position clear to the court previously and further objection would be futile . . . ." *Farley v. Nationwide Mut. Ins. Co*, 197 F.3d 1322, 1330 (11th Cir. 1999) (citing *Landsman Packing Co. v. Continental Can Co.*, 864 F.2d 721, 726 (11th Cir. 1989)).

Here, Elzubier preserved his objection to the charge because his counsel made it clear to the court that he objected to the court charging the jury on premises liability and the court made it clear to counsel that further objection would be futile.  (R. 131 at 382.)  But even if Elzubier had not preserved his objection, we could still review the district court's jury charge for plain error.  *See United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776–77 (1993).  In order for us to reverse the district court based on a plainly erroneous charge, four requirements must be met: 1) an error occurred; 2) the error was plain; 3) the error affected substantial rights; and 4) not correcting the error would seriously affect

5

the fairness of the judicial proceeding. *Id.*; *see also Farley*, 197 F.3d at 1329 (citations omitted). Here, all of these requirements are met.

Furthermore, we cannot say—as Sony contends—that Elzubier invited the error by submitting a proposed jury charge that included premises liability principles. After Elzubier's counsel twice objected to the district court's charge on premises liability, the district court told Elzubier's counsel: "I wouldn't necessarily come here tomorrow just making that argument [that this is not a premises liability case] if I was you. I will tell you that argument you are making right now won't bode well with you tomorrow. I would have something else to argue." (R. 131 at 382.) The district court made this statement to Elzubier's counsel at the charge conference on the afternoon of October 31, 2012. (R. 131.) Elzubier did not submit a proposed charge containing premises liability principles until the next morning, November 1, 2012, *after* the district court made clear to him that the court intended to instruct the jury on premises liability despite Elzubier's contention that this was not a premises liability case. (*See* R. 110.) Surely, Elzubier cannot have invited error by making his objection and then simply following the district court's instructions.

**A. The district court erred in instructing the jury on the law of premises liability and the law relating to trespass.**

6

Elzubier contends that the district court erred by instructing the jury on premises liability because his complaint did not allege injury from a static condition on Sony's property. Instead, he alleged that Ballentine's active negligence caused his injury. (*See* R. 26 at 5.)

Georgia law distinguishes between negligence cases where a condition on the land causes injury to someone and those where a proprietor's active negligence causes injury to someone. The Supreme Court of Georgia directly addressed this issue in *Lipham v. Federated Dept. Stores, Inc.*, 440 S.E.2d 193 (1994). There, the Supreme Court of Georgia stated that "liability for [an employee's] failure to exercise ordinary care and not to subject others to an unreasonable risk of harm is based only on the nature of his negligent act and is not affected by [plaintiff's] status with respect to the premises." *Id.* at 194.

Liability is determined under the rules of premises liability if an injury is caused by a static condition that does not change. The inquiry is whether the proprietor had superior knowledge of the defect or dangerous condition. Thus, the importance of the injured individual's status as an invitee, licensee, or trespasser plays a crucial role. But, if an injury is caused by the active negligence of a landowner, or its employee, ordinary negligence principles apply. In this case, the inquiry is whether the proprietor's employee could reasonably foresee that his

7

actions or inactions would cause injury to the plaintiff. To put it simply, a landowner's duty as to the condition of property is distinct from a breach of duty that constitutes active negligence. *Id.*

In this case, Elzubier only alleged ordinary negligence, but the district court improperly gave an instruction for premises liability. The district court charged the jury on ordinary negligence, but in this same discussion, the court also instructed the jury on three elements of premises liability. The court first described invitees and charged the jury that a landowner owed invitees a duty of ordinary care. (R. 133 at 95.) Second, the court instructed the jury on licensees. (R. 133 at 96.) The court charged the jury that a licensee "enters the premises at his or her own risk, and the owner owes the licensee no duty . . . except that the owner should not knowingly let the licensee run into a hidden part or willfully or wantonly cause him or her injury." (R. 133 at 97.) Third, the court charged the jury on trespassers. (*Id.*) The court instructed that "the owner of the premises owes no duty to a trespasser until after his or her presence is actually known, and then only owes the trespasser the duty to not willfully or wantonly injure him or her." (*Id.*)

Sony contends that even if the premises liability instructions were incorrect, they were not prejudicial because the district court's charge also included a standard negligence charge. (Appellee's Br. at 10.) But the benchmark for

8

instructing a jury is not that the correct standard need only be included somewhere within the charge, while the court primarily instructs the jury on misleading, non-applicable law. *Palmer v. Board of Regents of Univ. Sys. of Ga.*, 208 F.3d 969 (11th Cir. 2000) (quoting *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995)). We have made clear that "our task is to examine whether the jury charge, considered as a *whole*, sufficiently instructed the jury so that the jurors understood the issues and were not misled." *Id.* (emphasis added).

Here, the district court's instructions on licensee status and trespasser status were misleading and prejudicial. These instructions were not given as a separate premises liability charge for static conditions. Rather, the district court presented them as a factor that could change Sony's duty to Elzubier. The court instructed the jury that if Elzubier was a licensee, Sony only had a duty to refrain from willfully or wantonly injuring him. The court also instructed the jury that if Elzubier was a trespasser then Sony had no duty. These instructions are substantially different than the correct duty of reasonable care. Furthermore, the jury's verdict form only had questions regarding ordinary negligence. So, the jury faced the difficult task of trying to reconcile the court's instructions on premises liability with a jury verdict form on ordinary negligence.

9

Accordingly, the district court's instruction on premises liability was erroneous and misled the jury.

## B. The district court did not err in instructing the jury that silence can constitute an admission.

The judge instructed the jury that "if the jury finds that the Plaintiff was present and heard and understood statements which he would be expected to deny or respond to, you [the jury] may consider whether his silence was an admission of the truth of the statement." (R. 133. at 481–82.) The district court correctly stated the law, and neither party argues that this statement is incorrect. Elzubier simply argues that there was insufficient evidence to support the charge. (Appellant's Initial Br. at 23–25.) But there was evidence presented at trial that Elzubier was asked several questions to which he did not respond. (R. 131. at 206, 260.) While Elzubier disputes the veracity of this evidence, the district court properly charged the jury on the applicable law in order to allow the jury to weigh the evidence.

## C. Elzubier is not entitled to a new trial on damages.

Elzubier contends that he should also have a new trial on damages because the verdict on damages was tainted by the incorrect charge on liability.[1] Elzubier

---

[1] Elzubier also contends that the issue of damages was moot. This contention is meritless. Georgia law makes clear that the court makes the appropriate adjustment *after* the jury has deliberated and reached a verdict on both liability and damages. *See* O.C.G.A. § 51–12–33(a), (g).

10

does not dispute that the jury instructions on damages were correct.  Nor does Elzubier contend that the verdict on damages is against the weight of the evidence. Instead, Elzubier contends the jury did not carefully consider the damages award because they knew his comparative fault barred any recovery under Georgia law.

The jury instructions and jury form instructed the jury to determine damages independent of their finding on liability.  Elzubier's speculation that the jury could have been influenced by the verdict on liability is not irrational.  But, absent extraordinary situations, "we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions." *Francis v. Franklin*, 471 U.S. 307, 324, 105 S. Ct. 1965, 1977 (1985). Accordingly, Elzubier is not entitled to a new trial on damages.

## V. Conclusion

For the foregoing reasons, we vacate and remand the case to the district court for a new trial on liability and degree of fault only.

**VACATED AND REMANDED.**

11