**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 7, 2016**

# In the Court of Appeals of Georgia

A16A0596. CARD et al. v. DUBLIN CONSTRUCTION CO., INC. et al.

MCFADDEN, Judge.

Benjamin and Alfreda Card ("the Cards") filed this action for personal injuries Benjamin Card ("Card") suffered on a construction site. The trial court granted summary judgment to Dublin Construction Company, Inc. ("Dublin"), the general contractor, and J&J Masonry & Construction Co. ("J&J"), a subcontractor, on the ground that Card was a licensee and there was no evidence that the defendants acted wantonly, wilfully, or intentionally.

As to J&J, the Cards argue that the trial court erred because in addition to asserting claims arising from the condition of the premises, they asserted claims against J&J that had nothing to do with Card's status as a licensee or invitee. We

agree. The claims the Cards asserted against J&J included claims of active negligence; and Card's status as an invitee or licensee is not relevant to those claims.

Regarding their claims that do arise from the condition of the premises and the defendants' occupation of those premises, the Cards argue that whether Card was a licensee or an invitee is a jury question. But as to J&J, the Cards have pointed to no evidence that Card and J&J shared a common purpose. So as to subcontractor J&J, Card was no more than a licensee. But as to general contractor Dublin, we agree with the Cards that whether Card was an invitee or a licensee is a jury question.

We decline the defendants' invitation to affirm under the right-for-any-reason rationale because the defenses that they argue entitle them to summary judgment all depend on disputed issues of fact. However, we agree with Dublin that the Cards have not shown a contractual provision that would make Dublin vicariously liable for J&J's negligence.

1. *Facts.*

On appeal,

[w]e review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party. To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the

2

undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law.

*McGarity v. Hart Elec. Membership Corp.*, 307 Ga. App. 739, 740 (706 SE2d 676) (2011) (citation omitted).

So viewed, the evidence shows that Card worked as a delivery driver for a company called Hagemeyer North America, which sold industrial electrical products and tools. On the day of the accident, Card made a delivery to a construction site at Georgia College & State University. Card was delivering bundles of conduit to Speir Electric, a subcontractor on the project. Card went to the general contractor's trailer to locate the Speir contact person. No one was in the trailer. Card did not have the telephone number of the Speir contact person, so he asked some workers sitting outside the trailer if they knew where the Speir contact person was. The workers told Card that the Speir contact person was on the third floor of the building being constructed. Card saw other workers entering the building, he saw no signs, tape, or other kind of warning that he should not enter, so he assumed it was permissible to enter the building.

Card entered the building, went upstairs, and found the Speir contact person. They started to exit the building, Card leading the way, so that the Speir contact

3

person could take delivery of the conduit. Just as Card stepped out of the door, a concrete-filled hose from a concrete pumping station operated by J&J fell from a third-story window, hit him in the back, and knocked him down. Card was injured and required medical treatment.

The Cards filed this action, alleging that the defendants were negligent in the handling of the concrete-fille hose and in failing to warn persons in the vicinity of the threat of the falling hose.

2. *Active negligence vs. conditions of the premises.*

Some of the claims the Cards assert against the defendants pertain to the failure to warn of the condition of the premises while some pertain to acts of active negligence on the part of J&J's employees. For tort claims occurring on premises, there is a legal distinction

> between causes of action where the alleged negligence arises from static or passive conditions (such as, pre-existing defects unattended on the premises) and causes of action thereon averring active negligence by act or omission. The record establishes that the incident on which this cause is grounded arises[, at least in part,] . . . from a claim of active negligence arising from [J&J's employees'] alleged acts and omissions occurring [while Card was on the premises].

4

*Wade v. Mitchell*, 206 Ga. App. 265, 266-267 (2) (b) (424 SE2d 810) (1992) (citations omitted). See also *Lipham v. Federated Dept. Stores*, 263 Ga. 865, 865-866 (440 SE2d 193) (1994) (distinguishing claims arising from the condition of the premises from claims arising from active negligence). The distinction is important because we focus on "different inquiries depending on whether the injury arises (a) from pre-existing conditions or (b) from active negligence, i.e., from the proprietor's acts or omissions occurring at the time the plaintiff was on the premises." *Brownlee v. Winn-Dixie Atlanta*, 240 Ga. App. 368, 369-370 (523 SE2d 596) (1999) (citations omitted). For one thing, as discussed more fully below, the duties a defendant owes may be different, depending on whether a claim arises from the condition of the premises or from active negligence.

3. *Claims arising from allegations of active negligence against J&J.*

The Cards argue that the trial court erred in granting summary judgment to J&J solely on the ground that Benjamin Card was a licensee because J&J owed him a duty independent of any duties arising from its status as an occupier of the premises. They add that they asserted multiple theories of recovery against J&J, including simple negligence claims for failure to operate the concrete pump in a safe manner, that do not emanate from duties as a landowner or occupier. We agree that the Cards asserted

5

claims against J&J arising from allegations of active negligence and that, as to these claims, Card's status as a licensee or invitee is irrelevant. So the trial court erred by granting summary judgment to J&J solely on the basis that Card was a licensee.

As to the claims of active negligence, J&J owed Card a general duty of care. *Lipham v. Federated Dept. Stores*, 263 Ga. 865, 865-866 (440 SE2d 193) (1994). "In other words, liability for [J&J's employees'] failure to exercise ordinary care and not to subject others to an unreasonable risk of harm is based only on the nature of [their] negligent act[s] and is not affected by [Card's] status with respect to the premises." Id. at 866.

The Cards also argue that J&J owed duties to Card, regardless of his status as invitee or licensee, because subcontractors owe duties to other workers on the job site. We first recognized such a duty in *Doke v. Dover Elevator Co.*, 152 Ga. App. 434, 436 (263 SE2d 209) (1979). There, an employee of the general contractor on a construction project fell into a vent hole in the top of an elevator shaft. He sued the subcontractor responsible for installing the elevators. Observing that the plaintiff had the right to be in the area where he fell while performing his work on the job site, we concluded that, "respecting the vent hole into the elevator shaft, [the defendant-subcontractor] owed all construction workers on the job site the duty to exercise

6

reasonable care in their protection." Id. But we think that this duty is no different than the general duty of care that one owes to others lawfully on the premises. See *Lipham*, 263 Ga. at 865-866 & n.2.

4. *Licensee vs. invitee.*

The Cards asserted claims against both J&J and Dublin arising from their status as occupiers of the premises. As to such claims, "[t]he duty owed by a landowner [or occupier] to one who enters upon his property depends, to a certain extent, on whether the one entering the property is an invitee, a licensee or a trespasser." *Lipham*, 263 Ga. at 865 (citations omitted). The trial court found that Benjamin Card was a licensee, but the Cards argue that whether Benjamin Card was an invitee or a licensee is a jury question. We disagree as to J&J but agree as to Dublin.

Card's status is important because, as noted, the duty of care owed by an occupier of land to a person coming upon the property varies and is determined according to the legal status of the person entering the premises. See *Jones v. Barrow*, 304 Ga. App. 337, 338-339 (1) (696 SE2d 363) (2010); *Jarrell v. JDC & Assocs.*, 296 Ga. App. 523, 524-525 (675 SE2d 278) (2009). A landowner or occupier owes the duty of ordinary care to an invitee. OCGA § 51-3-1; *Jarrell*, 296 Ga. App. at 525. That duty may include a duty to "give a warning adequate to enable the invitee upon

7

the premises to avoid harm," where the danger is not apparent. *Knowles v. La Rue*, 102 Ga. App. 350, 353 (116 SE2d 248) (1960). A landowner or occupier owes a lesser duty – to avoid causing willful or wanton injury – to a licensee. OCGA § 51-3-2 (b); *Jarrell*, 296 Ga. App. at 525. (The Cards do not challenge the trial court's finding that "there is no willful, wanton or intentional conduct present in this case.")

"The generally accepted test to determine whether one is an invitee or a licensee is whether the party coming onto the business premises had present business relations with the owner or occupier which would render his presence of mutual benefit to both, or was for business with one other than the owner or occupier." *Scully v. Bd. of Regents of the Univ. System of Ga.*, 332 Ga. App. 873, 876 (1) (775 SE2d 230) (2015) (citation omitted).

a. *Card's status in relation to J&J.*

Assuming that J&J was, for purposes of this analysis, an "occupier," Card, as to J&J, was "no more than a licensee." *Chambers v. Peacock Constr. Co.*, 115 Ga. App. 670, 677 (4) (155 SE2d 704) (citation omitted). The Cards presented no evidence that Benjamin Card was at the construction site "for a purpose connected with or in furtherance of [J&J's] alleged business or the common interest of or mutual advantage of [Card] and [J&J], or that [J&J] knew of his presence in the building."

8

Id. In *Chambers*, the plaintiff was delivering materials and supplies to a general contractor on a construction site when he fell into an elevator shaft. He sued the general contractor as well as the subcontractor that was working on the elevators in the elevator shaft. We affirmed the grant of a general demurrer in favor of the subcontractor, holding that the complaint did not "present an issue that the plaintiff when injured was an invitee of the subcontractor, expressly or by implication." Id. at 677. In other words, the plaintiff's business in providing materials to the general contractor was not sufficient to create a mutual interest with the subcontractor, even though the purpose of both the plaintiff's and the subcontractor's work could be characterized as taking steps toward completion of the construction.

b. *Card's status in relation to Dublin.*

But this conclusion does not resolve Card's status as to Dublin because a person may have more than one status at the same time. See *Chambers*, supra, 115 Ga. App. at 675-677 (3, 4) (plaintiff was invitee of general contractor and licensee of subcontractor). See also Charles R. Adams III, Ga. Law of Torts § 4:1 (a) (2015) ("An entrant may have more than one status simultaneously. For example, if a tenant rents premises from a landowner, the tenant's social guest would be a licensee as to the tenant, but, at least under some circumstances, could share the tenant's invitee status

9

as to the landowner.") (citations omitted). And the trial court erred by holding that as a matter of law, Card was a licensee of Dublin.

The evidence would authorize a jury to find that Dublin and Card shared an interest in getting the bundles of conduit delivered to Speir. A jury could find that Dublin stood to gain if its subcontractors had the materials they needed to complete their work so that the entire project could be completed. A jury could also find that Card needed to make the delivery to his employer's customer as part of his employment. "The [delivery of the bundles of conduit] being done by [Card] could be found to be a common interest of [Dublin] and [Card], even if it was not for the direct benefit of [Dublin]." *Ballenger Paving Co. v. Gaines*, 231 Ga. App. 565, 571-572 (2) (499 SE2d 722) (1998) (citation omitted). See also *Knudsen v. Duffee-Freeman, Inc.*, 99 Ga. App. 520, 525 (2) (109 SE2d 339) (1959) (landlord impliedly invited persons having business with tenant to come upon its premises for that purpose).

Dublin argues that even if Card were an invitee when he first came onto the job site, his status changed to that of licensee or trespasser when he entered the unauthorized area of the site, beyond the general contractor trailer, without Dublin's permission. But "[i]f the invitee does not go beyond that part of the premises to

10

which, as the situation reasonably appears to him, the invitation extends, he can not be held to have become a mere licensee because, as a matter of fact, the purposes of the invitation could have been fulfilled without going on such part of the premises." *Chambers*, 115 Ga. App. at 675-676 (3) (citation omitted). And Card testified that he saw no warning tape, the building was not roped off, and other workers were entering the building, so he assumed it was permissible to enter. Whether Card's entering the building was unreasonable so as to change his status to that of licensee or trespasser is a question for jury resolution.

5. *Right for any reason*.

J&J and Dublin argue that their summary judgment should be affirmed under the right-for-any-reason rationale because, as a matter of law, Card's failure to exercise ordinary care for his own safety, equal knowledge, and assumption of risk bar his recovery. The Cards have presented sufficient evidence to create jury questions on these defenses.

a. *Card's failure to exercise ordinary care for his own safety.*

The defendants argue that Card failed to exercise ordinary care for his own safety when he entered the building, knowing of the dangers inherent in construction sites. But Card testified that he had been told that was where he would find the Speir

11

representative, that was the only entrance he saw, that other workers were entering the building there, and that he saw no signs, tape, or other material warning him not to enter the building. "[T]he extent to which [Card's] conduct contributed to his [injury], if at all, is certainly not plain, palpable, and undisputable, rendering this issue inappropriate for summary adjudication." *Baker*, 303 Ga. App. at 754 (a) (ii) (citations and punctuation omitted).

b. *Equal knowledge.*

The defendants argue that Card had at least equal knowledge of any hazard because he knew or should have known that the concrete pumping hose could fall during active construction. They have pointed to no evidence that Card knew of the specific hazard of this particular hose falling. See *Strauss v. City of Lilburn*, 329 Ga. App. 361, 364-365 (765 SE2d 49) (2014) (whether plaintiff "had greater or equal knowledge of the *specific hazard*" that allegedly caused her fall was a question of fact to be decided at trial) (citations omitted; emphasis supplied); *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2) (288 SE2d 846) (1982) ("[I]t is a plaintiff's knowledge of the specific hazard . . . which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids."). Whether Card had equal knowledge of

12

the hazard, considering he had witnessed other workers entering the building and the area was not marked off as dangerous, is a disputed fact question for jury resolution.

c. *Assumption of risk.*

The defendants argue that they are entitled to summary judgment because Card assumed the risk of injury. Generally, whether a party assumed the risk of injury is a jury question. *Findley v. Griffin*, 292 Ga. App. 807, 809 (2) (666 SE2d 79) (2008). To prevail on an assumption of risk defense, a defendant must show that the plaintiff knew "of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. Significantly, a plaintiff's comprehension or general understanding of nonspecific risks that might be associated with the activity at issue is not sufficient." *Baker*, 303 Ga. App. at 754 (b) (citations omitted). As detailed above, the defendants have not shown that Card knew of the specific, particular risk that the concrete pump hose would fall. This defense also requires jury resolution.

6. *Dublin's vicarious liability.*

Dublin argues that it cannot be held vicariously liable for J&J's alleged negligence. "[A]bsent an express contractual duty, [a general contractor] cannot be held liable for damage caused by the collateral torts of independent contractors." *Faubion v. Piedmont Engineering & Constr. Corp.*, 178 Ga. App. 256, 259 (2) (342

13

SE2d 718) (1986) (citation omitted). But under OCGA § 51-2-5 (3), "[a]n employer is liable for the negligence of a contractor: . . . [i]f the wrongful act is the violation of a duty imposed by express contract upon the employer." The Cards argue that Dublin had such a contractual duty. They point to provisions in Dublin's contract with Georgia College & State University that make Dublin responsible for the work of its subcontractors. But "the contractual duties under which the employer would be liable for the acts of the independent contractor cannot be enforced by one not a party to the contract." *Kidd v. Dentsply Intl.*, 278 Ga. App. 346, 350 (2) (629 SE2d 58) (2006) (citation omitted). The Cards are strangers to that contract.

*Judgment reversed. Miller, P. J., concurs. McMillian, J., concurs in the judgment only*.