**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 4, 2016**

# In the Court of Appeals of Georgia

A16A0937. BYROM v. DOUGLAS HOSPITAL, INC..

MILLER, Presiding Judge.

Carolyn Byrom sued Douglas Hospital, Inc. ("Douglas Hospital") for negligence, attorney fees, and punitive damages after she sustained injuries in a fall while exiting a wheelchair provided by the hospital. The trial court granted summary judgment to Douglas Hospital, finding that (1) Byrom had asserted professional negligence claims without the required expert affidavit , and (2) Byrom had equal or superior knowledge of the risk she faced exiting the wheelchair. Byrom appeals, arguing that she raised ordinary negligence claims against Douglas Hospital. For the foregoing reasons, we find that the trial court erred, and we reverse and remand for proceedings consistent with this opinion.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Agnes Scott College, Inc. v. Clark*, 273 Ga. App. 619, 620 (616 SE2d 468) (2005).

So viewed, the record shows that Byrom went to Douglas Hospital on April 16, 2013, for pre-operative testing for a procedure scheduled for the next day. Byrom walked slowly and used a cane to support her knees. After taking Byrom's vitals, a nurse offered to obtain a wheelchair to transport Byrom to the exam room. While Byrom was seated in the wheelchair, she rested her feet on the foot pedals, which were down. A nurse pushed Byrom in the wheelchair, and when they arrived in the exam room Byrom exited the wheelchair independently. When Byrom stood up and sat down for the testing, the foot pedals were not raised up.

As the nurse was pushing Byrom back to the waiting room, they encountered a doorway that was not wide enough to fit the wheelchair. The nurse asked Byrom if she thought she could make it to the waiting room on her own, and Byrom told her that she believed she could. The nurse, however, did not come around to assist Byrom

2

in getting out of the wheelchair. Instead, Byrom held her cane in one hand and used her other hand to push up from the arm of the wheelchair. Byrom knew as she stood up that the foot pedals were still down. As Byrom stepped, her right pant leg caught on the wheelchair's foot pedal and she fell. As a result of this fall, Byrom broke her leg, required surgery, and subsequently stayed in a rehabilitation facility for three months.

Byrom filed suit, alleging that Douglas Hospital was negligent in failing to safely transport her, in failing to maintain a procedure for safely transporting individuals in wheelchairs, and in the hiring, supervision, and training of its employees. Byrom also sought to hold Douglas Hospital vicariously liable for the negligence of its employees, and to recover attorney fees and punitive damages.

During discovery, Douglas Hospital acknowledged that patients are at risk of injury when exiting a wheelchair if it is not done safely. The hospital also admitted that its employees should follow manufacturer's instructions and guidelines with regard to the operation of wheelchairs, though Douglas Hospital did not have any specific written policies, procedures, or training programs in place with regard to the safe use of wheelchairs. The instruction on the wheelchair itself stated that the patient should exit the wheelchair by lifting the arm and exiting on the side of the wheelchair,

3

and Douglas Hospital admitted that its employees should have ensured that patients exited wheelchairs in this manner.

At the conclusion of discovery, Douglas Hospital moved for summary judgment on Byrom's complaint on two grounds, which are at issue in this appeal.[1] First, Douglas Hospital argued that Byrom raised professional negligence claims that required her to file an expert affidavit pursuant to OCGA § 9-11-9.1. Second, the hospital argued that, even if Byrom's claims were for ordinary negligence, she could not recover pursuant to OCGA § 51-3-1, the statute that creates for owner/occupiers of property, because Byrom had equal or superior knowledge of the risk the wheelchair foot pedals posed on account of her prior successful exit from the wheelchair with the foot pedals down. The trial court granted summary judgment to Douglas Hospital on these grounds, , and Byrom appeals.

---

[1] Douglas Hospital also moved for summary judgment on the ground that it was entitled to a setoff against any recovery Byrom may obtain for sums not charged for her care or sums which the hospital paid to third party care providers. The trial court did not address this argument , and where the trial court has not ruled on an issue, we will not address it. *CDP Event Svcs., Inc. v. Atcheson*, 289 Ga. App. 183, 187 (2) (656 SE2d 537) (2008).

1. Byrom argues that she raised ordinary negligence claims, as opposed to claims for professional negligence, and therefore she was not required by OCGA § 9-11-9.1 to file an expert affidavit with her complaint. We agree.

A plaintiff who asserts a claim for medical malpractice against a hospital is required to file an expert affidavit along with her complaint setting forth at least one negligent act or omission and the factual basis for the claim. OCGA § 9-11-9.1. The fact that a patient's injury occurs in a hospital setting or calls into question the actions of a medical professional, however, does not in and of itself mean her claim is for medical malpractice. *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847, 849 (635 SE2d 184) (2006). Rather, courts "must look to the substance of the action against a [hospital] in determining whether the action is one for professional or simple negligence." (Citation and punctuation omitted.) Id.

> The determination of whether a claim is one for medical negligence and therefore whether it requires expert support at filing is determined on the basis of whether the act or omission was made regarding a medical question. Medical questions have been defined as those concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence. In cases involving a person's fall while in the care of medical professionals, it can be difficult to distinguish professional

negligence from ordinary negligence. This distinction is a question of law for the court.

(Citations, footnotes, and punctuation omitted.) *Kerr v. OB/GYN Assoc. of Savannah*, 314 Ga. App. 40, 41 (1) (723 SE2d 302) (2012).

Where the professional's alleged negligence requires the exercise of professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action states professional negligence. But where the allegations of negligence do not involve professional skill and judgment, the action states ordinary negligence.

(Citations and punctuation omitted.) *Bardo v. Liss*, 273 Ga. App. 103, 104 (1) (614 SE2d 101) (2005).

Here, the record does not show that only a person with medical training could transport Byrom in the wheelchair or that transporting her involved the exercise of medical judgment. See *Strickland v. Hosp. Auth. of Albany/Dougherty County*, 241 Ga. App. 1, 3 (1) (525 SE2d 724) (1999). Indeed, individuals with no medical training whatsoever often push others around in wheelchairs and assist them in exiting the wheelchairs.

Further, Byrom's claims arise from her allegation that the Douglas Hospital nurse failed to follow the manufacturer's instructions for exiting from the wheelchair

6

– instructions which Douglas Hospital admits should have been followed. Use of equipment that is inconsistent with the manufacturer's instructions, without more, does not constitute a medical malpractice claim. *Lamb v. Candler Gen. Hosp., Inc.*, 262 Ga. 70, 71 (1) (413 SE2d 720) (1992) (claim arising from hospital's use of wrong replacement parts in piece of medical equipment did not assert medical malpractice claim); see also *Sood v. Smeigh*, 259 Ga. App. 490, 494 (1) (578 SE2d 158) (2003) (assembly of prosthetic patella backwards constituted ordinary negligence and did not require submission of an expert affidavit) (physical precedent only). Moreover, the fact that a nurse with medical experience provided the wheelchair for Byrom and pushed her around the hospital in it does not make this a medical malpractice claim because these acts did not require the nurse to exercise her medical judgment. *Dent v. Mem. Hosp. of Adel*, 270 Ga. 316, 318 (509 SE2d 908) (1998). Certainly, in this case, no expert is necessary to help a jury understand the instructions on the wheelchair handles that constituted the manufacturer's guidelines for safe use of the wheelchair. Thus, Byrom's claims are not for medical malpractice. Accordingly, the trial court erred in granting summary judgment to Douglas Hospital based on a failure to file an expert affidavit.

2. Byrom also argues the trial court erred in finding that she had equal or superior knowledge of the risk posed by the wheelchair's foot pedals. For the reasons that follow, we conclude that the trial court erred in applying the equal or superior knowledge analysis to Byrom's claims and, therefore erred in granting summary judgment to Douglas Hospital.

Just as not all claims against a hospital constitute medical malpractice, not all claims which arise from an injury sustained inside a building constitute premises liability, regardless of how the claim is argued by the parties. Georgia law distinguishes between negligence cases where a condition on the premises causes injury to someone and those where an employee's active negligence causes injury to someone. *Lipham v. Federated Dept. Stores, Inc.*, 263 Ga. 865 (440 SE2d 193) (1994). Liability is determined under the framework of premises liability only if an injury is caused by a condition of the premises over which the premises owner/operator has some degree of control, such as a static condition or passive defect. Id. If an injury is caused by the active negligence of an owner/occupier's employee, however, ordinary negligence principles apply. Id. Simply stated, the duty concerning a condition of the premises is distinct from a breach of duty that constitutes active negligence. Id; see also *Card v. Dublin Constr. Co.*, 337 Ga. App.

8

804, 806 (2) (788 SE2d 845) (2016) (physical precedent only). This case presents a question of active neglience.

Claims of active negligence require the same proof as other simple negligence claims:

> (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff[.]

(Citation omitted.) *Phillips v. South West Mechanical Contractors, Inc.*, 254 Ga. App. 144, 145 (1) (561 SE2d 471) (2002). Consequently, the inquiry is whether Douglas Hospital's nurse, and the hospital, could reasonably foresee that the nurse's actions or inactions would cause injury to Byrom. See *Lipham*, supra, 263 Ga. at 865; *Card*, 337 Ga. App. at 806 (2). Moreover, questions of negligence and the exercise of ordinary care are issues for jury resolution except in plain and palpable cases. *Warren v. Cox*, 168 Ga. App. 818 (1) (310 SE2d 569) (1983).

Although Byrom cites to OCGA § 51-3-1, the statute setting out liability for property owners, the factual bases that she identifies for her claims do not sound in

premises liability.[2] Specifically, Byrom's complaint faults Douglas Hospital for failure to safely transport her, failure to maintain a policy, procedure, or system for safely transporting patients in wheelchairs, and negligently supervising, hiring, training, and retaining employees. Byrom also seeks to hold Douglas Hospital vicariously liable for the active negligence of its employees. Notably, Byrom identifies the "central negligent act" to be the nurse's failure to raise the footrests of the wheelchair or otherwise assist her in exiting the wheelchair. Indeed, Byrom's allegations do not implicate any condition of the premises itself, aside from the mere fact that the wheelchair was located inside the hospital at the time of her fall.

At the inexplicable urging of the parties, and even though Byrom's claims were primarily pled as ones for active negligence, the trial court analyzed this case as if it involved a static defect in the condition of the hospital premises. In so doing, it found that Byrom's prior successful exit from the wheelchair demonstrated that she had equal knowledge of the risk posed by the wheelchair's foot pedals such that her recovery was barred. Because nothing about Byrom's claim implicates a condition of

---

[2] Further, we are bound by the substance, not nomenclature, of claims and we should construe pleadings to bring about substantial justice. *Cotton v. Federal Land Bank of Columbia*, 246 Ga. 188, 191 (269 SE2d 422) (1988); *Dudley v. Wachovia Bank, N.A.*, 290 Ga. App. 220, 224-225 (2) (659 SE2d 658) (2008).

the hospital premises, we find cases applying the framework of a premises liability analysis inapposite to the present case. See *Lipham*, supra, 263 Ga. at 865. Consequently, we reverse the grant of summary judgment to Douglas Hospital on Byrom's claims and remand for proceedings consistent with this opinion.[3]

*Judgment reversed and case remanded. McFadden and McMillian, JJ., concur.*

---

[3] We note that in light of the trial court's grant of summary judgment to Douglas Hospital, it did not address Byrom's claims for attorney fees and punitive damages.